NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OCEAN TOWERS HOUSING CORPORATION, a California corporation, | No. 17-56838 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-06461-DSF-E |
| v. | |
| EVANSTON INSURANCE COMPANY, an Illinois corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted May 13, 2019
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and ANTOON,** District Judge.

Ocean Towers Housing Corporation appeals from the district court's order

granting summary judgment in favor of Evanston Insurance Company in this

dispute over whether Evanston is obligated to defend or indemnify Ocean Towers

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

in several underlying lawsuits.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Evanston issued two successive claims-made policies of Directors and Officers and Organization Liability insurance to Ocean Towers for the policy periods from December 10, 2013, to February 1, 2015, and from February 1, 2015, to February 1, 2016.  Ocean Towers tendered four lawsuits to Evanston for defense and coverage during the first policy period, and one during the second policy period.  When Evanston declined to defend any of those suits, Ocean Towers sought a declaration in the district court of Evanston's obligations under the policies.  Ocean Towers also asserted claims of breach of contract and breach of the implied covenant of good faith and fair dealing.  On cross-motions for summary judgment, the district court concluded that the Specific Matter Exclusion in the Evanston policies barred potential coverage of any claim in the five underlying lawsuits.  The court thus concluded that Evanston owed no duty to defend Ocean Towers in any of those suits and that in the absence of coverage, Ocean Towers' bad faith claim necessarily failed.

We review the district court's grant of summary judgment de novo. *Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 773 (9th Cir. 2019). "We also review its interpretation of state law and the insurance policies de novo." *Id.* Where, as here, "the underlying facts are not in dispute[,] 'it is the duty of the

appellate court . . . to make its own independent determination of the meaning of the language used in the instrument[s] under consideration.'" *State Farm Mut. Auto. Ins. Co. v. Partridge*, 514 P.2d 123, 127 (Cal. 1973) (second and third alterations in original) (quoting *Bareno v. Emp'rs Life Ins. Co.*, 500 P.2d 889, 892 (Cal. 1972)).

1.      Under California law, which governs this diversity case, an "insurer's duty to defend runs to claims that are . . . potentially covered, in light of facts alleged or otherwise disclosed." *Buss v. Superior Court*, 939 P.2d 766, 773 (Cal. 1997). "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795 (Cal. 1993). Here, the district court compared the allegations of the underlying complaints with the terms of the Specific Matter Exclusion in the Evanston policies and found no potential for coverage and thus no duty to defend.

On de novo review, our own comparison leads us to the same conclusion. The Specific Matter Exclusion is very broad, excepting from coverage "Loss on account of any Claim based upon, arising from, or in consequence of any fact, circumstance or situation underlying or alleged in any Specific Matter or any substantially similar fact, circumstance or situation." It is undisputed that "Specific Matter" included a prior lawsuit between Ocean Towers and National

Cooperative Bank ("NCB"). Like the district court, we conclude that all of the claims asserted against Ocean Towers and its officers and directors in the five underlying suits are barred by this exclusion. The claims either are "based upon, aris[e] from, or [are] in consequence of any fact, circumstance or situation underlying or alleged in" the NCB action or are "based upon, aris[e] from, or [are] in consequence of . . . any substantially similar fact, circumstance or situation." We thus affirm based on the Specific Matter Exclusion.[1]

    2.    The district court correctly concluded that Ocean Towers' bad faith claim failed in the absence of coverage. None of the cases cited by Ocean Towers supports its assertion that bad faith can be found under the circumstances of this case.

    **AFFIRMED.[2]**

---

[1]    Because we find that the Specific Matter Exclusion resolves this case, we, like the district court, do not address the other policy provisions relied upon by Evanston.

[2]    Ocean Towers' request for judicial notice (Docket Entry No. 21) is DENIED because it is "not relevant to the resolution of this appeal." *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).